## BRITTON'S ADMINISTRATOR *vs.* HILL and others

Complainant's intestate planted oysters in Raritan bay upon certain grounds which he had staked off, and the boundaries of which he had plainly marked. The defendants having taken large numbers of oysters, and threatening to continue doing so, under a claim of public right, were enjoined, on the ground that they were acting in concert, taking away for their own use the property of the complainant, and might wholly deprive

him of it, and were, most of them, pecuniarily irresponsible, and besides, a multiplicity of suits would be necessary to relief. The injunction was continued until the hearing, unless, in the meantime, the question between the parties should have been determined at law in favor of the defendants, in which case the defendants had leave to renew the motion to dissolve.

Bill for relief.　Motion to dissolve injunction on bill and answer.

*Mr. George C. Beekman,* for motion.

*Mr. C. Robbins, contra.*

THE CHANCELLOR.

This suit is brought by the administrator of John Britton, deceased, to restrain the defendants, fifteen in number, from trespassing upon certain oystering grounds in Raritan bay, which, at the death of Mr. Britton, were in his possession, and on which, in May, 1874, he planted a very large number (about ten thousand bushels) of Virginia, North river and Raritan bay oysters. He, at the same time, staked off the grounds, thus plainly marking their boundaries, and from that time until his death, which occurred in November of the year following, held possession of them.

In April, 1876, the defendants, who are oystermen living in the vicinity, at Keyport in this state, entered upon the grounds, and against the remonstrance and warning of the complainant, who was then administrator of Britton, fished for oysters there, and took and carried away about two hundred bushels of oysters, which they then caught on those grounds. Two of the defendants, on the 20th of April, took and carried away oysters from the grounds for their own use. The complainant caused them to be arrested for it. They gave bail, and two days afterwards returned to the grounds with the other defendants, and all of them fished for and caught oysters there and took them away for their own use. The complainant caused warrants to be issued for their arrest, and some of them were arrested upon them. After that, they

declared their intention to continue to take oysters there. Most of them are pecuniarily irresponsible. The complainant finding proceedings at law ineffectual to protect his property, and being unwilling, in view of the number of persons making common cause against him, to have recourse to force, filed his bill for an injunction. All of the defendants except one have answered, and the motion is now made to dissolve the preliminary injunction.

The question between these parties is, whether the grounds are or are not a natural oyster bed in the public or navigable waters of the state.

The defendants insist that they are, and that they, therefore, have a right to fish for the oysters there and take them to their own use; while, on the other hand, the complainant insists that the grounds are not a natural oyster bed. That the grounds were occupied, planted and staked off by Mr. Britton, as alleged in the bill, is admitted in the answer. The defendants are not to be regarded as lawless depredators, but as citizens claiming to have been, in the acts complained of, in the lawful exercise of a lawful right to fish in the public waters of the state. That Mr. Britton planted oysters there, they admit, but they insist that he could not, by so doing, lawfully exclude the public from the exercise of its then existing right to take the oysters there. Their determination to persist in taking oysters from these grounds until the law shall prohibit them, is not denied; that they are acting in concert, is manifest. It is true, they are acting together under a claim of public right, but they are acting in concert, nevertheless, and in considerable numbers also, and they are taking away from the grounds, for their own use, the property of the complainant. He obviously cannot, under the circumstances, obtain adequate relief at law.

During the pendency of proceedings at law, which, as to most of the defendants, could, on account of their irresponsibility, pecuniarily, be productive of no valuable result, the whole of the property, valued at about $8000, might be taken away. Besides, to obtain such relief, he would be compelled

to bring a multiplicity of suits.   The injunction should be retained until the hearing, unless, in the meantime, the question between the parties shall have been determined at law in favor of the defendants.   In that case, the motion to dissolve may be renewed.